UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF            )
                            )
THE EXTRADITION OF          )           Misc. No. 23-MC-61413-STRAUSS
                            )
RODNEY MERVYN NICHOLS       )
_____)

**MOTION TO CONTINUE BOND
FOLLOWING CERTIFICATION OF EXTRADITABILITY**

Mr. Rodney Mervyn Nichols, by and through undersigned counsel, hereby respectfully requests that in the event that this Court certifies Mr. Nichols as extraditable following the scheduled extradition hearing on October 2, 2023, this Court allow Mr. Nichols to remain on the bond previously set by this Court until Mr. Nichols is retrieved by Canadian authorities. Mr. Nichols relies on decisions from other Courts and a more recent order from the Hon. Marcia Cooke to support his argument that this Court has the authority to continue the bond for Mr. Nichols even if it certifies him as extraditable.

This Court previously set a reasonable bond for Mr. Nichols based on a finding of extraordinary circumstances. Specifically, this Court set a personal surety bond of $150,000 coupled with a requirement that Mr. Nichols be fitted with a G.P.S. monitor. Since his release, Mr. Nichols has resided at the North Lake Retirement Home, 1222 N. 16th Avenue, Hollywood, Florida 33020. If allowed to continue on bond, Mr. Nichols would continue to reside at the North Lake Retirement Home until Canadian

1

authorities come to collect him.

Federal law provides that if a Magistrate Judge certifies the individual as being extraditable, then the Magistrate Judge "shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made." 18 U.S.C. § 3184.  However, numerous courts have held that the bond standard in extradition cases allowing for bond in extraordinary cases applies even after an individual is certified as extraditable pursuant to section 3184. Specifically, the following courts have applied that standard and allowed continued release on bond after a certification of extraditability:

***Hu Yau-Leung v. Soscia*, 649 F.2d 914, 920 (2d Cir. 1981).**  The second circuit reversed the grant of habeas relief, but found no error in the decision to release the petitioner on bail while pursuing habeas relief after being certified as extraditable.

***Beaulieu v. Hartigan*, 554 F.2d 1, 2 (1st Cir. 1977)**.  Affirming denial of habeas relief and noting that although bail was proper pending habeas review, in extradition cases, "bail should be granted only upon a showing of special circumstances."

***Wroclawski v. United States*, 634 F. Supp. 2d 1003 (D. Arizona 2009)**. Specifically addressing the authority of a court to grant release while an individual who has been certified as extraditable pursues habeas relief.

More recently, Judge Cooke, in an extradition habeas case, granted bond after the petitioner had been certified as extraditable based on a finding of extraordinary circumstances.  *See Martinelli Berrocal v. Sessions,* No. 17-cv-23576-COOKE, DE 29, 2018 WL 10152504 (S.D. Fla. February 13, 2018) (attached).  Those cases arose in the context of a habeas petition because although an order certifying an individual is not appealable, courts have allowed habeas corpus review to challenge the order

2

certifying an individual as extraditable. *See Kastnerova v. United States*, 365 F.3d 980 (11th Cir. 2004). The cases cited above clearly demonstrate, however, that this Court has authority to continue the bond for Mr. Nichols even if it certifies him as extraditable.

The special circumstances of Mr. Nichols' case support his continued release. Mr. Nichols is an 81 year-old suffering from full onset dementia. He is wheelchair bond. The retirement home he resides in has a full-time attendant at the front door that is locked and requires the attendant to buzz people in and out. Mr. Nichols has worn a G.P.S. device on his ankle without incident since his release by this Court. Based on conversations with counsel for the Government, undersigned counsel does not expect Mr. Nichols to remain at the retirement home for any length of time. Canadian authorities will likely come to retrieve Mr. Nichols soon after this Court certifies him as extraditable

Undersigned counsel also notes, and the Court can take notice of the fact at the hearing where Mr. Nichols will appear in person, that since his release on bond, Mr. Nichols has been able to regain most of the weight he lost while detained. Simply, jail is no place for someone as frail as Mr. Nichols. Although this Court has no say in the treatment Mr. Nichols will receive once he is in the hands of Canadian authorities, this Court does have the authority to maintain Mr. Nichols on the reasonable bond it previously entered until he is delivered to Canadian authorities.

WHEREFORE, Mr. Nichols respectfully requests that this Court allow Mr. Nichols to remain on bond in the event that it certifies him as extraditable.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:  *s/Bernardo Lopez*
Bernardo Lopez
Assistant Federal Public Defender
Florida Bar No. 884995
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: (954) 356-7436
Fax: (954) 356-7556
E-Mail: Bernardo_Lopez@fd.org

4

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>*s/Bernardo Lopez*</u>
Bernardo Lopez